GLEN W. DUCOTE, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 41, 2007.
Supreme Court of Delaware.
Submitted: March 27, 2007.
Decided: May 4, 2007.
Before HOLLAND, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 4th day of May 2007, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Glen W. Ducote, filed an appeal from the Superior Court's December 29, 2006 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Ducote's opening brief that the appeal is without merit. We agree and affirm.
(2) In January 2004, Ducote was found guilty by a Superior Court jury of Attempted Murder in the First Degree, Kidnapping in the First Degree, Possession of a Deadly Weapon During the Commission of a Felony, and Possession of a Deadly Weapon By a Person Prohibited. He was sentenced to life imprisonment plus an additional five years at Level V. This Court affirmed Ducote's convictions and sentences on direct appeal.[1]
(3) In this appeal, Ducote claims that his counsel provided ineffective assistance by a) failing to present a defense; b) failing to investigate; and c) failing to conduct a proper jury voir dire.
(4) In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[2] Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."[3] The defendant must make concrete allegations of ineffective assistance, and substantiate them, or risk summary dismissal.[4]
(5) Ducote has failed to support his claims of error on the part of his counsel with specific facts. He also has failed to demonstrate that errors on the part of his counsel resulted in prejudice to him. We, therefore, find no merit to Ducote's claims of ineffective assistance of counsel.
(6) It is manifest on the face of Ducote's opening brief that his appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, clearly there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.[5]
NOTES
[1] Ducote v. State, Del. Supr., No. 118, 2004, Ridgely, J. (May 18, 2005).
[2] Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).
[3] Flamer v. State, 585 A.2d 736, 753 (Del. 1990).
[4] Younger v. State, 580 A.2d 552, 556 (Del. 1990).
[5] On March 27, 2007, Ducote filed a motion to strike the State's motion to affirm, as well as any other motion that might be filed by the State, on the ground that the record was filed by the Prothonotary five days beyond the due date. In the absence of any legal or factual support for Ducote's motion, it is hereby denied.